[Crim. No. 15046. Second Dist., Div. Five. July 25, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. RONALD JOSEPH BUTE, Defendant and Appellant.

Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Ronald M. George, Deputy Attorney General, for Plaintiff and Respondent.

STEPHENS, Acting P. J.—By information filed June 19, 1967 defendant was charged in count I with attempted robbery, a violation of Penal Code section 664; in counts II and IV with robbery, violations of Penal Code section 211; and in

counts III, V and VI, with kidnaping for the purpose of robbery, violations of Penal Code section 209. In all counts defendant was charged with being armed with a deadly weapon during the commission of the offenses. A prior conviction was also charged. Defendant pleaded not guilty and denied the prior conviction. On the date set for trial, pursuant to defendant's motion, Drs. Marcus and Deering were appointed under Evidence Code section 730 to examine defendant. Thereafter, an additional plea of not guilty by reason of insanity was entered, and a third psychiatrist, Dr. Tweed, was appointed under Penal Code section 1027 to examine defendant. Before proceeding with the trial, defense counsel requested the court to declare whether there was a present doubt as to defendant's ability to proceed at that time. The trial judge stated that he did not entertain any doubt and found that defendant was able to proceed. Thereafter, trial by jury was waived and by stipulation, counts II and IV were submitted on the transcript of the preliminary hearing. By further stipulation, the issue of defendant's sanity at the time of the commission of the offense was submitted on the doctor's reports and on the testimony given at the preliminary hearing. Defendant was found guilty on counts II and IV, robbery in the first degree in violation of Penal Code section 211. The court found that defendant was armed at the time of the commission of the offenses. Defendant was found to be sane at the time of the commission of the offenses. Probation was denied. Defendant's motions for new trial and stay of execution were denied. Defendant was sentenced to state prison for the terms prescribed by law, the sentences to run consecutively. The remaining counts against defendant were dismissed. No finding was made on the alleged prior conviction. Defendant appeals from the judgments of conviction entered against him.

The facts relative to the two offenses need not be set forth since procedural error occurring at the commencement of trial requires reversal.

At the time set for trial, the court had before it three psychiatric reports. The report prepared by Dr. Marcus concluded that defendant was sane at the time of the commission of the offenses but that he was presently unable to understand the nature and purpose of the proceedings taken against him and to conduct his own defense in a rational manner. Dr. Marcus' conclusions were based on an interview with defendant and on various data submitted to him including informa-

tion received from the public defender that it had become impossible to discuss the case with defendant in a reasonable manner. The reports submitted by Drs. Deering and Tweed indicated that defendant was insane at the time of the commission of the offenses but that he was presently able to understand the nature and purpose of the proceedings taken against him and to conduct his own defense in a rational manner.

Based upon the foregoing, we have no doubt that there was substantial evidence presented that defendant was incompetent to stand trial. Having produced substantial evidence of present mental incompetence, defendant was entitled as a matter of right to a hearing pursuant to Penal Code section 1368.[1] (*People* v. *Pennington,* 66 Cal.2d 508, 518 [58 Cal.Rptr. 374, 426 P.2d 942].) The judge then has no discretion to exercise, and may not resolve the doubt against defendant without the hearing required by statute. As stated in *People* v. *Pennington, supra,* at p. 519: ". . . once it is determined that defendant's showing was substantial, it is immaterial that the prosecution's evidence may seem more persuasive. The conflict can only be resolved upon a special trial before the judge or jury, if a jury is requested. (Pen. Code, § 1368.)" *People* v. *Beivelman,* 70 Cal.2d 60 [73 Cal.Rptr. 521, 447 P.2d 913], relied upon by respondent, is clearly distinguishable from the present case. In that case, neither of the doctors who examined defendant "expressed any opinion on defendant's ability to assist in his defense, to cooperate with counsel, or of his ability to understand the purpose or nature of the criminal proceedings against him." (70 Cal.2d at p. 73.) We conclude that defendant was deprived of his right to a section 1368 hearing.

The judgment in its entirety is reversed.

Reppy, J., and Chantry, J. pro tem.,* concurred.

---

[1]Penal Code section 1368: "If at any time during the pendency of an action and prior to judgment a doubt arises as to the sanity of the defendant, the court must order the question as to his sanity to be determined by a trial by court without a jury, or with a jury, if a trial by jury is demanded; and, from the time of such order, all proceedings in the criminal prosecution shall be suspended until the question of the sanity of the defendant has been determined, and the trial jury in the criminal prosecution may be discharged, or retained, according to the discretion of the court until the determination of the issue of insanity."

*Assigned by the Chairman of the Judicial Council.